JAMES McMANIS (40958)
ELIZABETH PIPKIN (243611)
TYLER ATKINSON (257997)
PRIYA SWAMINATHAN (349074)
McMANIS FAULKNER
a Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:     (408) 279-8700
Facsimile:     (408) 279-3244
Email:         epipkin@mcmanislaw.com
               tatkinson@mcmanislaw.com
               pswaminathan@mcmanislaw.com

*Attorneys for Defendant,*
The Church of Jesus Christ of Latter-day Saints,
A Utah Corporation sole

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>       Plaintiff,<br><br>  vs.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, INC., A UTAH CORPORATION SOLE; CRAIG ALLEN HARWARD, an individual; AND DOES 1-50, inclusive,<br><br>       Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446** |

NOTICE OF REMOVAL OF ACTION UNDER U.S.C. 1332, 1441 AND 1446, Case No.:

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, The Church of Jesus Christ of Latter-day Saints (the "Church"), files this Notice of Removal of the above-entitled action from the Superior Court of the State of California, County of Alameda.  The Notice of Removal is based on the following grounds:

<u>**The State Court Action**</u>

1.       On or about July 9, 2024, Plaintiff JANE DOE ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Alameda.  Attached hereto as **Exhibit A, B** and **C** are true and correct copies of the Summons, Complaint and Civil Cover Sheet.

2.       This civil action is currently pending in the Superior Court of Alameda County.

<u>**Removal Based on Diversity Jurisdiction**</u>

3.       Pursuant to 28 U.S.C. section 1332, removal is proper where diversity of citizenship exists and the amount in controversy exceeds $75,000.

<u>**Diversity of Citizenship Exists Between the Parties**</u>

4.       Plaintiff is an individual domiciled in Santa Clara County, California.  See **Exhibit B** at ¶ 3.

5.       Defendant CRAIG ALLEN HARWARD, is an individual domiciled in Utah. See **Exhibit G.**

6.       The Church, a Utah corporation sole, has its principal place of business in Salt Lake City, Utah.  See **Exhibit B** at ¶ 7.

7.       For purposes of determining jurisdiction, a corporation "shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332 (c)(1).  It is irrelevant where the corporation is registered to do business.  See *Tanious v. Gattoni,* 533 F.Supp.3d 770, 776-777 (N.D. Cal. 2021) (finding that registration with the California Secretary of State does not make a business a citizen of California).  Based on Plaintiff's allegations in the Complaint for Damages, the Church is a Utah corporation.

8.      Therefore, complete diversity exists between the parties.

**The Amount in Controversy Exceeds $75,000**

9.      Plaintiff does not allege specific amounts of damages and penalties.  However, it is plain that Plaintiff seeks over $75,000 in damages and penalties.  Plaintiff alleges that the Church is liable for childhood sexual abuse suffered at the hands of Defendant CRAIG ALLEN HARWARD and that because of the abuse, she requires compensation for lifelong medical treatment.  See **Exhibit B** at ¶ 53.  Assuming that Plaintiff has been expending sums of money for treatment since she was twelve years (12) years old, she is seeking reimbursement for treatment costs for the past twenty-four (24) years, in addition to treatment costs for the indefinite future.  Based on the foregoing, it is more likely than not that Plaintiff is seeking to recover damages and other penalties exceeding $75,000, exclusive of costs and interest.

10.      In addition to lifelong medical care, Plaintiff also seeks indefinite "economic damages" based on a future inability to work in her profession.  She contends that she "was injured and may be disabled in the future and thereby prevented from attending to the duties of her usual occupation."  See **Exhibit B** at ¶ 52.  Thus, it is clear that Plaintiff is seeking more than $75,000 in damages.

11.      When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83 (2014).  Where a complaint does not specify a particular amount of damages, the removing defendant's "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Id.* at 89.  When meeting that threshold, the removing defendant need only show that it is "more likely than not" that the amount in controversy exceeds the jurisdictional minimum.  See *Sanchez v. Monumental Life Ins. Co.* 102 F.3d 398, 404 (9th Cir. 1996).  In establishing that the amount in controversy exceeds $75,000, the defendant may rely on a chain of reasoning and underlying assumptions that are reasonable based on the complaint's allegations.  *LaCross v. Knight Transp. Inc.,* 775 F.3d 1200, 1202 (9th Cir. 2015).

///

NOTICE OF REMOVAL OF ACTION UNDER U.S.C. 1332, 1441 AND 1446, Case No.:

**Removal is Timely Made to the Proper Court by a Defendant**

12.     On or about July 12, 2024, Plaintiff served the Summons and Complaint on the Church

13.     As a defendant, the Church has the power to remove the case to this Court.  *See* 28 U.S.C. §§ 1441(a), 1446(a).

14.     This Notice of Removal is timely because it is based on diversity of citizenship and it has been filed within 30 days of receipt of the Complaint by the Church.  *See* 28 U.S.C. § 1446(b)(1).

15.     This Court is the proper Court for removal because the Superior Court of Alameda County is within the geographic boundaries of the Northern District of California.  *See* 28 U.S.C. § 1441(a).

**Non-Waiver of Defenses**

16.     By removing this action from the Superior Court of the State of California, County of Alameda, the Church does not waive any defenses available to it.

17.     By removing this action from the Superior Court of the State of California, County of Alameda, the Church does not admit any of the allegations in Plaintiff's Complaint.

**Notice to Plaintiff**

18.     Upon filing of this Notice of Removal, the Church will promptly give written notice to Plaintiff and will promptly file a copy of this Notice with the clerk of the Superior Court of the State of California, County of Alameda.

19.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" served upon the Church in the action, or otherwise available on the state court docket are attached hereto as **Exhibits D - G.** Attached as **Exhibit H** is a true and correct copy of the docket report in the state court action.

**Consent**

20.     All co-defendants who have been properly joined and served with state court process have consented to this removal.

WHEREFORE, the Church respectfully requests that the above-entitled action now pending against it in the Superior Court of the State of California, County of Alameda, be removed to this Court.

DATED:  August 9, 2024

McMANIS FAULKNER

_/s/ Elizabeth Pipkin_
ELIZABETH PIPKIN

Attorneys for Defendant,
THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,  a Utah Corporation sole; CRAIG ALLEN HARWARD, an individual; and DOES 1 through 50, inclusive

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
07/09/2024
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Franklin _____ Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JANE DOE

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda Superior Court

24405 Amador Street, Hayward, CA 94544

**CASE NUMBER:**
*(Número del Caso):*
24CV082728

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Meagan Verschueren, Esq., Singleton Schreiber LLP, 591 Camino de la Reina, Ste. 1025, San Diego, CA 92108; 619-771-3473

DATE:
*(Fecha)* 07/09/2024  Chad Finke, Executive Officer / Clerk of the Court  Clerk, by *(Secretario)* _____ D. Franklin _____ , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation sole
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# EXHIBIT B

1  Brett Schreiber, Esq. (SBN 239707)
2  Meagan Verschueren, Esq. (SBN 313117)
   Katie Llamas, Esq. (SBN 303983)
3  Singleton Schreiber, LLP
   591 Camino de la Reina, Ste. 1025
4  San Diego, California  92108
   Tel: (619) 488-6699 Fax: (619) 488-6699
5  bschreiber@singletonschreiber.com
6  mverschueren@singletonschreiber.com
   kllamas@singletonschreiber.com
7
8  Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**07/09/2024 at 11:42:46 AM**
By: Damaree Franklin,
Deputy Clerk

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **FOR THE COUNTY OF ALAMEDA**

11  JANE DOE,                    | Case No.: 24CV082728

12          Plaintiff,           | **COMPLAINT FOR DAMAGES**

13      v.                       | 1. **SEXUAL BATTERY;**
                                  | 2. **NEGLIGENCE;**
14  THE CHURCH OF JESUS CHRIST OF | 3. **NEGLIGENT HIRING,**
15  LATTER-DAY SAINTS, a Utah    |    **SUPERVISION, AND RETENTION;**
    Corporation sole; CRAIG ALLEN | 4. **NEGLIGENT SUPERVISION;**
16  HARWARD, an individual;      | 5. **NEGLIGENT FAILURE TO WARN,**
    and DOES 1 through 50, inclusive, | **TRAIN, OR EDUCATE;**
17                               | 6. **BREACH OF FIDUCIARY DUTY;**
18          Defendants.          | 7. **INTENTIONAL INFLICTION OF**
                                  |    **EMOTIONAL DISTRESS**
19
20                               | **DEMAND FOR JURY TRIAL**

21      Plaintiff JANE DOE hereby complains and alleges as follows:

22             **PARTIES, JURISDICTION, AND VENUE**

23      1. Venue in this case is based upon California Code of Civil Procedure Section

24  395, in that the events giving rise to Plaintiff's claims occurred in the County of

25  Alameda, State of California and most conduct of Defendants which forms the basis of

26  this action occurred in the County of Alameda, State of California.

27      2. All named entity defendants do business and conduct continuous and

28  systematic activities in the State of California.  All named entity defendants currently

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

1    operate, oversee, manage, own, control and profit from religious gatherings,

2    membership and entities in the County of Alameda, State of California, including the

3    subject Fremont California Stake of the Church of Jesus Christ of the Latter-Day Saints in

4    the City of Fremont, County of Alameda, State of California. Based upon information

5    and belief, at all relevant times and currently, all named defendants own real property in

6    the State of California.  All defendants were conducting business in the State of

7    California when they harmed Plaintiff JANE DOE and most of the harm occurred at

8    property owned, managed and operated by Defendants in the County of Alameda, State

9    of California. As such, jurisdiction and venue are proper.

10       **A. PLAINTIFF JANE DOE**

11       3. At the time of filing this lawsuit, Plaintiff is an adult and resident of the County

12   of Santa Clara, State of California.

13       4. Plaintiff's full legal name is being withheld to protect her identity under her

14   California statutory and constitutional rights of privacy because this case involves

15   intimate facts of her sexual assault, battery and abuse and detailed facts of a sexual and

16   intimate nature.   The sexual assault, battery and abuse occurred in approximately 2000

17   and 2001 when Plaintiff was about twelve (12) and thirteen (13) years old. As a victim of

18   childhood sexual assault, battery and abuse as defined by Code of Civil Procedure

19   section 340.1, Plaintiff proceeds under the pseudonym JANE DOE.  Plaintiff is entitled to

20   protect her identity in this public court filing by not disclosing her name. *Doe v. Lincoln

21   Un. Sch. Dist. Doe* (2010) 188 Cal.App.4th 758.

22       5. This is an action to recover damages on behalf of an adult who was a victim of

23   childhood sexual assault, battery and abuse and it is governed by Code of Civil

24   Procedure section 340.11.

25       6. Under Code of Civil Procedure Section 340.11, this Complaint is timely because

26   Plaintiff is under forty (40) years old and this is an action for the recovery of damages

27   suffered as a result of childhood sexual abuse, assault, and battery.

28

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

**B. DEFENDANTS**

7. Defendant THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS (hereinafter "LDS Corporation"), also commonly known as the "LDS Church" or "Mormon Church," is a Utah for-profit corporation that holds itself out to be a religious organization that gives back to its people.  In reality, it is a company that has enormous profits yearly and hold investments worth billions of dollars.

8. It is estimated that LDS Corporation and its businesses own over 16,000 United States properties, including hundreds of multimillion-dollar suburban parcels, commercial towers, religious sites and large farmlands.  This includes a large piece of land where the subject incidents occurred in Fremont, California, that based upon information and belief, is worth more than $8,000,000.00.

9. Based upon information and belief, at relevant times, LDS Corporation has and does own several businesses including but not limited to insurance companies, investment companies, radio stations, television stations, news and newspaper companies, cattle ranches, the park, water sewage companies, a high-end mall, and real estate companies.  Based upon information and belief, LDS Corporation has leadership with ownership and/or it has ownership interest in major airlines.

10. LDS does business as (1) Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints; (2) Millennial Star Network; (3) Vernon Utah Livestock; (4) Mortgage Loan Service; (7) Salt Lake Mormon Tabernacle Choir; (8) Farm Management Company; (9) Deseret Transportation; (10) Latter-Day Saint Philanthropies; (11) Beehive Clothing; (12) Deseret Industries; (13) Tabernacle Choir at Temple Square; (14) Deseret Soap; (15) Elberta Valley AG; (16) Mormon Tabernacle Choir; (17) Deseret Pasta; (18) Joseph Smith Memorial Building; (19) LDS Philanthropies; (20) The Church of Jesus Christ of Latter-Day Saints; and (21) Latter-Day Saint Humanitarian Center.

11. In or around 2021, CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, LDS Corporation's global operating company, merged with LDS Corporation. LDS Corporation has merged with several of

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

1  its entities over the years.

2      12. LDS holds nominal title and owns, manages and controls the real property

3  associated with "the church," LDS Corporation, throughout the United States and the

4  world.  This includes the LDS Corporation meetinghouses and "houses of worship,"

5  including but not limited to real property in the State of California and County of

6  Alameda. LDS has numerous contacts with the State of California, including but not

7  limited to, holding and applying for several permits in and around the State of

8  California. Additionally, LDS Corporation oversees and operates multiple subsidiary

9  corporations on behalf of the "church" throughout California.  LDS Corporation

10  conducts business in the State of California and has systemic activities in the State of

11  California. LDS Corporation's headquarters is located at 50 East North Temple Street,

12  Salt Lake City, Utah 84510.

13      13. LDS Corporation does not provide information about their finances to the

14  public in the United States with rare exception, but it generates income from its

15  businesses in the State of California. Worldwide, disclosures and studies estimate that

16  LDS profits at least several billions of dollars annually.  Based upon information and

17  belief, LDS Corporation owns hundreds of billions of dollars in stocks, real property,

18  business profits, and business assets.  Based upon information and belief, LDS

19  Corporation bought and gained stock, in part, through investing tithing money received

20  from its members.

21      14. LDS Corporation is registered to do business in the State of California, and the

22  presiding Bishop in each area, ward or stake throughout California serves at the pleasure

23  of and subject to the direct and absolute control of "the church," LDS Corporation. LDS

24  Corporation owns and operates a large number of "houses of worship" or

25  "meetinghouses" in the State of California and controls the leaders, employees and

26  workers at each, including but not limited to the Bishops and Bishop Secretaries.

27      15. The Bishops are appointed to control each ward by the LDS Corporation and

28  subject to their control. The Bishop of the ward is often referred to as the "father" or

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

"caretaker" of the ward, responsible for the wellbeing of all of the members of the ward. The Bishops and other leaders at the wards (the "Bishopric") vet and select one or two "Bishop Secretaries" or "Executive Secretaries" per Ward. The Bishop Secretary works closely with the Bishop and other leaders. They have several responsibilities including directing communications between the members and the Bishopric; forwarding messages received from employees and volunteers to appropriate leaders; keeping lists of members and details about each member; helping with seminary and institute matters; helping members register for classes; helping members with access to church services and offerings; scheduling interviews for youth and adults who need to renew their "temple recommends;" scheduling appointments with the Bishopric; serves as a members of the Ward Council; attends Ward Council meetings; complete assignments given by the Bishopric; meet with the Bishopric and prepare agendas for meetings; and work closely with members to ensure operations in the best interest of "the church," LDS Corporation.

16. Defendant CRAIG ALLEN HARWARD is an individual that was a resident of the State of California at the time of the subject sexual abuse, assault and battery described herein. Based upon information and belief, Defendant CRAIG ALLEN HARWARD currently owns real property in the State of California. However, investigation shows that CRAIG ALLEN HARWARD likely currently resides in either the City of Saint George, State of Utah or the City of San Jose, State of California. At all times relevant, Defendant CRAIG ALLEN HARWARD was a Bishop Secretary at the subject Church of Jesus Christ of Latter-Day Saints located at 48950 Green Valley Road, Fremont, California 94539, which was owned and operated by LDS Corporation. At all times relevant, Defendant CRAIG ALLEN HARWARD was serving and acting as an agent of LDS CORPORATION.

17. At all times relevant herein, LDS Corporation, Defendant HARWARD and DOES 1 through 50 assumed responsibility for the wellbeing of the LDS Corporation's members, including but not limited to children and "church students" including

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

Plaintiff. Defendants, and each of them, held out their leaders, executive employees and council members, including Defendant HARWARD, as their agents who were placed by the LDS Corporation and DOES 1 to 50 in positions of authority and responsibility over members of the congregation, including, but not limited to, Plaintiff. As such, LDS Corporation, Defendant HARWARD and DOES 1 to 50 had a special relationship with members of their congregation, including but not limited to, Plaintiff. This relationship gave rise to a duty to protect members of the congregation, and more specifically, minor members of the congregation, including, but not limited to, Plaintiff, from foreseeable risks of harm. At all times alleged herein, Defendants and DOES 1 through 50 assumed special responsibilities toward their members in order to protect said members, and more specifically, minor members, including but not limited to, Plaintiff, from sexual predators, sexual abuse, and any and all abuse, especially abuse from its executive leadership and council members. Defendants and DOES 1 through 50 also had a duty to protect people from abuse and harm at their subject property in Fremont, California.

18. LDS Corporation's income comes from member tithes which is turned over to the "Church" for investment and other uses, including support of the administrative expenditures of the LDS Corporation and its wards, stakes and areas. Plaintiff is informed, believes, and based thereon alleges that the LDS Corporation receives at least approximately five to seven (5-7) billion dollars per year from member tithing, which involves members being asked to donate 10% or more of their income to LDS Corporation. It has been reported publicly in the media that LDS Corporation owns financial assets and real estate in excess of $100 billion.

19. The true names, identities, or capacities, whether individual, associate, successor-in-interest to, corporate, or otherwise, of Defendants DOES 1 through 50, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. When the true names, identities, or capacities of such fictitiously designated Defendants are ascertained, Plaintiff will ask leave of this Court to amend this complaint to assert their true names, identities, and capacities, together with the proper charging

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

allegations.

20. Each of the Defendants designated herein as a DOE is responsible, in some manner, for the events and happenings herein, thereby legally causing the injuries and damages to Plaintiff as more thoroughly alleged below.

21. Plaintiff is informed and believes and based thereon alleges that, at all times mentioned herein, each Defendant was the agent, representative, and/or employee of each other Defendant. In doing the wrongful acts and inactions hereinafter alleged, each Defendant was acting within the course and scope of said alternative personality, capacity, identity, agency, representation, and/or employment with each other defendant and were within the scope of their authority, whether actual or apparent. At all times relevant, Defendant LDS Corporation and DOES 1 through 50, knew or should have known about Defendant HARWARD's sexual harassment, sexual abuse, rape, and wrongful conduct at and off of Defendant LDS Corporation and DOES 1 through 50's property and recklessly retained him in a leadership position and tried to cover up reports of abuse, placing hundreds of youth at risk.  Defendants LDS Corporation and DOES 1 through 50, and each of them, thereby ratified Defendant HARWARD's wrongful actions. Defendants LDS Corporation and DOES 1 through 50 are therefore vicariously liable for the actions of Defendant HARWARD and the remaining DOES.

22. Plaintiff is informed and believes and based thereon alleges that, at all times mentioned herein, Defendants were the trustees, partners, servants, joint venturers, shareholders, contractors, or employees of each other Defendant and the acts and omissions herein alleged were done by them, acting individually through such capacity, within the course and scope of their authority in each position, with the permission and consent of each other Defendant, at the direction of each other defendant, and whose conduct was thereafter ratified by each other Defendant. Accordingly, each of them is jointly and severally liable to Plaintiff.

23. Wherever appearing in this Complaint, each reference to "Defendants" shall be deemed to include all Defendants, including all fictitiously named defendants.

COMPLAINT FOR DAMAGES

## FACTUAL ALLEGATIONS

24.  From approximately 1959 through 2001, Defendant LDS Corporation and DOES 1 through 50 knew that many of its members were being sexually abused by its leaders, employees and agents.  Based upon information and belief, there were more than one-hundred and eighty-four (184) official reports and/or accusations related to sexual abuse by LDS Corporation leaders by 2001.  Based upon information and belief, several other reports were made to the church but were never made public due to LDS Corporation covering it up.

25. Since 2001, more than one-hundred and fifty (150) LDS Corporation leaders and members have been accused of sexually abusing children. Almost all accused were alleged to have multiple victims.

26. Beginning in or around the year 2000 and continuing through 2001, Plaintiff, who was approximately twelve (12) to thirteen (13) years old, was the victim of childhood sexual misconduct, assault, battery, molestation, harassment and abuse. Plaintiff attended bible class at the Church of Jesus Christ of Latter-Day Saints located at 48950 Green Valley Road, Fremont, CA 94539 ("LDS' Property") including but not limited to in approximately 2000 and 2001.

27. In approximately 2000 and 2001, at the times Plaintiff was sexually abused, Defendant CRAIG ALLEN HARWARD served as Secretary to the Bishop at LDS Corporation and was under the direct supervision, agency, and control of Defendants LDS Corporation and DOES 1 through 50. As part of its ministry, Defendants LDS Corporation and DOES 1 through 50 appoint Church Elders, High Priests, Bishopric Members, Single Adult Leaders, Spiritual Advisors, Executive Members, Youth Counselors, Religious Leaders, mentors, agents, and supervisors to educate and minister to families, including their children. Defendant LDS Corporation and DOES 1 through 50 appointed Defendant CRAIG ALLEN HARWARD and gave him authority to act on its behalf and to assert control over its members.

28. In or around 2000 and 2001, Defendant CRAIG ALLEN HARWARD publicly

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

showed inappropriate affection to Plaintiff at LDS' Property at the general big congregation in front of all local leaders appointed by LDS Corporation.   Defendant HARWARD often sat by Plaintiff and touched Plaintiff's thighs and shoulders.  Every time Defendant HARWARD came to sit by or walk with Plaintiff, Plaintiff soon learned and expected that Defendant HARWARD would touch Plaintiff's body each time.  It became a regular occurrence.  Based upon information and belief, Defendant HARWARD did this to other church students at LDS' Property around the same time.

29. In or around 2000 and 2001, Defendant HARWARD regularly walked with Plaintiff to classes and inappropriately touched Plaintiff's shoulders.

30. In or around 2000 and 2001, Defendant HARWARD would repeatedly take Plaintiff out of bible class at LDS' Property several times per month to sexually abuse her and the class leader would allow it.  Defendant HARWARD would open the classroom door, ask for Plaintiff to come with him, and the LDS Corporation leader leading the class would allow it without question despite Plaintiff seeming more and more hesitant each time.  The class leader would tell Plaintiff to go and that "it's okay you will be right back."  No one ever asked Plaintiff why she didn't want to go. Plaintiff reluctantly went and felt forced to go.  Plaintiff soon knew that each time she was called to leave the classroom by Defendant HARWARD, he was going to take her to another room to engage in sexual acts.  Plaintiff was told not to tell anyone and was afraid to speak out at the time. The LDS Corporation, its class leader, as well as other church leaders, knew or should have known what was going on but allowed it to happen despite that knowledge.

31. In or around 2000 and 2001, while Plaintiff was in Defendant LDS' custodial care and under their control and apparent asserted authority, Defendant HARWARD would repeatedly and regularly take Plaintiff out of bible class at LDS' Property and bring her to a smaller room or bathroom and touch Plaintiff on her genitals and private parts. Defendant HARWARD would also force Plaintiff to fondle Defendant HARWARD's penis and perform oral sex on him regularly.

32. In or around 2000 and 2001, during ongoing sexual abuse of Plaintiff at LDS' Property, Defendant HARWARD would grope Plaintiff's genitals, touch his own penis and then force Plaintiff to touch Defendant HARWARD's penis too. Defendant HARWARD would put his penis in Plaintiff's mouth, which was painful. Defendant HARWARD similarly sexually abused other children around the same time period.

33. In and around 2000 and 2001, Defendant HARWARD often escorted Plaintiff and her family to their vehicle when many people were outside of the church, including church/LDS Corporation leaders, and Defendant HARWARD would quickly grope Plaintiff's body on the way.

34. While Plaintiff was in Defendant LDS Corporation and DOES 1 through 50's custodial care and under their control during bible class at the subject LDS' Property, LDS Corporation and DOES 1 – 50 recklessly and negligently allowed Plaintiff to be alone with Defendant HARWARD and sexually abused on multiple occasions. While Plaintiff was in Defendant LDS Corporation and DOES 1 through 50's custodial care and under their control, LDS Corporation knowingly allowed Defendant HARWARD to sexually harass Plaintiff and touch Plaintiff's body inappropriately in front of LDS Corporation leaders and members.

35. At all times relevant, LDS Corporation and DOES 1 to 50 failed to supervise the children in its care, including Plaintiff, and failed to enact, implement, and follow reasonable policies or procedures for supervision of children in their custodial care and under their asserted authority, including Plaintiff; and LDS Corporation and DOES 1 through 50's failure to exercise reasonable care in the supervision of the children during bible class, enabled Harward to repeatedly sexually abuse Plaintiff.

36. In or around 2000 and 2001, and before that time period, Defendants LDS Corporation and DOES 1 through 50, were notified of Defendant HARWARD's propensity to abuse children through visual observation of his sexual harassment of children and through reports of sexual misconduct. In response to visual observations and reports, Defendants LDS Corporation and DOES 1 through 50 did not go to the

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

police or take any action to protect Plaintiff or other abused children. LDS Corporation and DOES 1 through 50 failed to protect, prevent, or stop the known and/or likely and foreseeable sexual abuse of children at its subject property, LDS' Property, for years. As a result, several children were sexually abused by Defendant HARWARD while he was acting in the course and scope of his agency and/or employment and under the consent, authority, and on behalf of LDS Corporation and DOES 1 through 50.

37. In or around 2000 and 2001, a church group of all of the women church members would meet off of the church premises two to three times per month and Defendant HARWARD would volunteer to watch some of the children for the church/LSD Corporation, including Plaintiff, and he would take Plaintiff back to his house until the church women were done with the church activity. While at Defendant HARWARD's house, on nearly every occasion that he watched Plaintiff related to the church activities, Defendant HARWARD would sexually touch Plaintiff and/or force Plaintiff to engage in sexual acts, including anal penetration during which Defendant HARWARD would insert his penis into Plaintiff's anus. The anal penetration and oral sexual acts were painful and caused Plaintiff pain and discomfort.

38. In or around 2000 and 2001, LDS Corporation and DOES 1 through 50 would have camping and/or scout trips in which it would take children camping and to do various activities. On at least two occasions while on a LDS Corporation and DOES 1 through 50 camping trip, Defendant HARWARD, while acting within the course and scope of his agency and in his position of authority with LDS Corporation, sexually abused, assaulted and battered Plaintiff.

39. During all periods and acts of sexual harassment, abuse, assault and battery described above, Defendant HARWARD was acting within the course and scope of his employment and/or agency with LDS Corporation and DOES 1 through 50, under the color of authority given to him by LDS Corporation and DOES 1 through 50, and with the consent, knowledge and ratification of LDS Corporation and DOES 1 through 50.

40. Defendant CRAIG ALLEN HARWARD has been accused of sexually abusing

at least ten (10) children.

41. In 2004, Defendant CRAIG ALLEN HARWARD pleaded guilty to charges relating to sexual abuse of four children over a six-year period while he was the Bishop Secretary for LDS Corporation.  He was sentenced in Santa Clara County Superior Court to 14 years in prison for the lewd and lascivious acts on four children.

42. At all relevant times described above, Defendants LDS Corporation and DOES 1 through 50 knowingly allowed and gave Defendant CRAIG ALLEN HARWARD the authority, location, means, ratification, and access to children to sexually abuse children, including but not limited to Plaintiff, at its property and off-site events.

## FIRST CAUSE OF ACTION

### Sexual Battery

### (Against All Defendants and DOES 1 through 50)

43. Plaintiff hereby incorporates by reference all prior allegations as if fully set forth herein.

44.  In or about 2000 and 2001, while Plaintiff was at Defendants LDS Corporation and DOES 1 through 50's property and under the custodial care of Defendants, Defendant CRAIG ALLEN HARWARD, an adult male, intentionally touched, groped, and fondled Plaintiff's private parts and genitals and put his penis into Plaintiff's mouth on several occasions, all without her consent and while Plaintiff was a minor of approximately twelve (12) and thirteen (13) years old.

45. At all relevant times described above, Defendant CRAIG ALLEN HARWARD's conduct was intentional and sexually offensive, and included sexual and offensive contact with Plaintiff's body, constituting sexual battery under California Civil Code section 1708.5.

46. At all relevant times described above, Defendant CRAIG ALLEN HARWARD knew that Plaintiff was a minor and unable to consent to sexual touching and/or sexual acts.

47. At all relevant times, Defendant CRAIG ALLEN HARWARD was working

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

12
COMPLAINT FOR DAMAGES

and acting within the course and scope of his employment and/or agency, including the managerial and supervisory authoritative role granted to him, with Defendants LDS Corporation and DOES 1 through 50, and each of them, when he committed the wrongful sexually offensive contact with Plaintiff.

48. At all relevant times, Defendant CRAIG ALLEN HARWARD was acting under the authority granted to him by Defendants LDS Corporation and DOES 1 through 50, and each of them, and holding himself out as acting on behalf of, and acting on behalf of, Defendants LDS Corporation and DOES 1 through 50 when he committed the wrongful sexually offensive contact with Plaintiff such that his acts were the acts of the LDS Corporation at the time of the wrongful sexually offensive contacts.

49. At all relevant times, Defendant CRAIG ALLEN HARWARD was acting with the knowledge, consent and ratification of Defendants LDS Corporation and DOES 1 through 50, and each of them, when he committed the wrongful sexually offensive contact with Plaintiff.

50. At all relevant times and before the sexual assault and battery of Plaintiff, Defendants knew or should have known that Defendant CRAIG ALLEN HARWARD would sexually assault and batter children; and Defendants knew or should have known that Defendant CRAIG ALLEN HARWARD had sexually assaulted and battered children at the subject LDS' Property and at LDS events before and that he had sexually violent propensities and would likely harm someone, especially children, if given the opportunity.

51. As a direct, proximate and legal result of the wrongful acts and omissions of the Defendants, and each of them, described above, Plaintiff was injured in her health, strength and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to her health and person, all to her general damages in a sum which will be shown according to proof.

52. As a direct, proximate and legal result of the wrongful acts and omissions of the Defendants, and each of them, described above, Plaintiff was injured and may be

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

disabled in the future and thereby prevented from attending to the duties of her usual occupation. As a result, Plaintiff has suffered economic damages in an amount to be proven at trial.

53. As a direct, proximate and legal result of the wrongful acts and omissions of the defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in amounts presently unknown to her. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of her medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

54. In committing the wrongful and egregious acts described herein, Defendant CRAIG ALLEN HARWARD acted with malice, oppression and fraud, justifying an award of punitive damages against Defendant CRAIG ALLEN HARWARD.

### SECOND CAUSE OF ACTION

#### Negligence

#### (Against All Defendants and DOES 1 through 50)

55. Plaintiff hereby incorporates by reference all prior allegations as if fully set forth herein.

56. In 2000 and 2001 and at all relevant times, Defendants and DOES 1 through 50 had a duty to supervise the children at their property that were participating in their activities and whom were under their custodial care, including but not limited to, Plaintiff. They had a duty to have in place and enforce those rules and regulations necessary for the protection of the children in their care. Defendants and DOES 1 through 50 had a special relationship with plaintiff and thus owed plaintiff a protective duty of care to keep children who participated in its activities safe, which duty included an affirmative duty to protect children lawfully on the subject premises and attending the bible classes, along with at its church-sponsored and organized events.

57. Defendants LDS Corporation and DOES 1 through 50 had a further duty to

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

14

provide proper oversight and supervision to avoid such abusive conduct as that which befell Plaintiff and other minor children at the hands of Defendant CRAIG ALLEN HARWARD, who was enabled in perpetrating said abuse by and through the negligence of the Defendants LDS Corporation and DOES 1 through 50.

58. At the time of the child sexual harassment and abuse incidents described herein, Defendants and each of them owed Plaintiff a duty of care to use reasonable care to avoid injury to others including Plaintiff and a duty to provide services that were free from sexual, offensive, or inappropriate touching and contact.

59. In or about 2000 and 2001, Defendants breached their duty of care to Plaintiff while Plaintiff was at Defendants LDS Corporation and DOES 1 through 50's property and while Plaintiff was attending Defendants' events and under the custodial care of Defendants, Defendant CRAIG ALLEN HARWARD, an agent acting on behalf of all other Defendants, intentionally touched, groped, and fondled Plaintiff's private parts and genitals and put his penis into Plaintiff's mouth on several occasions, all without her consent and while Plaintiff was a minor of approximately twelve (12) and thirteen (13) years old.

60. At all relevant times described above, Defendants knew or should have known that Defendant CRAIG ALLEN HARWARD's conduct was harmful, negligent, inappropriate, egregious, offensive, sexually offensive and grossly negligent and that such conduct had a substantial likelihood of causing harm to Plaintiff.

61. At all relevant times described above, Defendants knew that Plaintiff was a minor and unable to consent to sexual touching and/or sexual acts.

62. At all relevant times, Defendant CRAIG ALLEN HARWARD was working and acting within the course and scope of his employment and/or agency, including the leadership, managerial and supervisory authoritative role granted to him, with Defendants LDS Corporation and DOES 1 through 50, and each of them, when he committed the wrongful sexually offensive contact with Plaintiff.

63. At all relevant times, Defendant CRAIG ALLEN HARWARD was acting

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

under the authority granted to him by Defendants LDS Corporation and DOES 1 through 50, and each of them, and holding himself out as acting on behalf of, and acting on behalf of, Defendants LDS Corporation and DOES 1 through 50 when he committed the wrongful sexually offensive contact with Plaintiff such that his acts were the acts of the LDS Corporation at the time of the wrongful sexually offensive contacts.

64. At all relevant times, Defendant CRAIG ALLEN HARWARD was acting with the knowledge, consent and ratification of Defendants LDS Corporation and DOES 1 through 50, and each of them, when he committed the wrongful sexually offensive contact with Plaintiff.

65. At all relevant times and before the sexual assault and battery of Plaintiff, Defendants knew or should have known that Defendant CRAIG ALLEN HARWARD would sexually assault and batter children; and Defendants knew or should have known that Defendant CRAIG ALLEN HARWARD had sexually assaulted and battered children at the subject LDS' Property and at LDS events before and that he had sexually violent propensities and would likely harm someone, especially children, if given the opportunity.

66. At all relevant times, Defendants LDS Corporation and DOES 1 through 50, and each of them, knew or with reasonable diligence should have known about Defendant CRAIG ALLEN HARWARD's propensity and history of sexually harming children.

67. Despite knowing and having notice of Defendant CRAIG ALLEN HARWARD's past wrongful conduct and propensity to engage in sexual abuse of children, Defendants LDS Corporation and DOES 1 through 50 chose not to discipline Defendant HARWARD, to ratify his conduct, and to retain Defendant HARWARD as a leader and representative of the LDS Corporation and their agent, knowingly subjecting persons of all ages, and especially children, including Plaintiff, to the real risk that Defendant HARWARD would sexually harm them, thereby ratifying and adopting the misconduct of Defendant HARWARD as its own conduct.

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

68. Based upon information and belief, Defendants made a conscious reckless and knowing decision not to report or warn about prior sexual abuse and signs of sexual abuse by Defendant CRAIG ALLEN HARWARD to parents or the police and instead engaged in a cover-up operation to protect Defendant HARWARD, which was grossly negligent and reckless.

69. While engaging in the above wrongful acts and omissions, Defendants were grossly negligent and Defendants, and each of their, gross negligence was a direct, proximate, and legal result of Plaintiff's harms and losses described above and below.

70. As a direct, proximate and legal result of the gross negligence and carelessness of the Defendants, and each of them, described above, Plaintiff was injured in her health, strength and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to her health and person, all to her general damages in a sum which will be shown according to proof.

71. As a direct, proximate and legal result of the gross negligence and carelessness of the Defendants, and each of them, described above, Plaintiff was injured and may be disabled in the future and thereby prevented from attending to the duties of her usual occupation. As a result, Plaintiff has suffered economic damages in an amount to be proven at trial.

72. As a direct, proximate and legal result of the gross negligence and carelessness of the defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in amounts presently unknown to her. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of her medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

73. In committing the wrongful and egregious acts described herein, Defendants CRAIG ALLEN HARWARD and LDS Corporation acted with malice, oppression and fraud, justifying an award of punitive damages against Defendants CRAIG ALLEN

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

HARWARD and LDS Corporation.

### THIRD CAUSE OF ACTION

### Negligent Hiring, Supervision, and Retention

### (Against Defendants THE CHURCH OF JESUS CHRIST OF

### LATTER-DAY SAINTS and DOES 1 through 50)

74. Plaintiff hereby incorporates by reference all prior allegations as if fully set forth herein.

75. At all times herein mentioned the Defendants LDS Corporation and DOES 1 to 50 owed plaintiff a protective duty of care to keep the children, including Plaintiff, safe while they were in defendants' custodial care. Said duty includes the duty to protect children from sexual assaults by other agents, employees, and volunteers of LDS Corporation and DOES 1 through 50, or other members of the church and to reasonably, adequately, and with due care, properly hire, supervise, and retain the people, volunteers, agents and employees who were providing the services to the children.

76. At all times relevant, Defendants had a duty and obligation to adequately and properly investigate the background, fitness, and competence of its employees, agents, volunteers, leaders, and those acting on its behalf, including Defendant CRAIG ALLEN HARWARD, before hiring and before and during retaining them as employees, agents, volunteers or as someone to act on their behalf. Defendants had a duty to use reasonable care in the hiring, supervision and retention of its employees, agents, volunteers, independent contractors, leaders, executive team members, and those it permitted to act on its behalf.

77. Defendants LDS Corporation and DOES 1 through 50, inclusive and each of them, negligently and carelessly, employed, supervised, hired, trained, controlled, screened, sponsored, directed, oversaw, managed, and retained its employees, agents, servants, volunteers or independent contractors, including Defendant HARWARD, and failed to investigate the skill, competence, dangerous propensities, background, ability and prior conduct of HARWARD, to determine whether he was fit and competent to

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

perform his job duties as a Bishop Secretary or Executive Secretary in a safe and reasonable manner.

78. Defendants LDS Corporation and DOES 1 through 50, inclusive and each of them, failed to properly and adequately investigate and vet Defendant HARWARD as an employee, agent, independent contractor, volunteer, leader, executive secretary, and/or someone to act on its behalf before hiring him.

79. Had Defendants LDS Corporation and DOES 1 through 50 properly and adequately vetted and investigated Defendant HARWARD's background, dangerous propensities, fitness and competence, they would have discovered that he was unfit and incompetent to be in the position they gave him with access to and control over children at the church/LDS Corporation.

80. Plaintiff is informed and believes, and thereon alleges, that in addition to his assault against Plaintiff in 2000 and 2001, Defendant HARWARD committed sexual assault and battery of multiple other children in 1997 through 2003 while in his position as the Bishop Secretary of LDS Corporation.

81. Plaintiff is informed and believes, and thereon alleges, that at least one other child reported a sexual assault and battery by Defendant HARWARD to Defendants LDS Corporation and its local leaders before Plaintiff was sexually assaulted and battered.  During the times when Defendant HARWARD was sexually abusing Plaintiff, Defendants were able to see and watch Defendant HARWARD grope Plaintiff in public and regularly allowed him to take Plaintiff to rooms alone without explanation or any oversight or supervision whatsoever in reckless disregard for Plaintiff's wellbeing.

82. Plaintiff is informed and believes, and thereon alleges, that after at least one other person reported a sexual assault and battery at the LDS Property and after LDS saw the signs of abuse by Defendant HARWARD, and while knowing that sexual abuse by its leaders was a pervasive and disgusting problem that permeated its company, Defendants dismissed the complaint carelessly and grossly negligently retained its Bishop Secretary, HARWARD, instead of terminating his employment or properly

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

1    investigating the serious acts and complaint(s).

2        83. At all times relevant, Defendants LDS Corporation and DOES 1 through 50

3    knew and should have known that Defendant HARWARD had already sexually

4    assaulted and abused other children and was concurrently sexually abusing other

5    children at its subject LDS' Property, yet Defendants did nothing to prevent the harm

6    and sexual assault and battery of Plaintiff while she was under their custodial control,

7    custody and watch.

8        84. Despite having warning and notice of Defendant HARWARD's violent,

9    unstable, inappropriate and offensive nature and behavior, Defendants LDS Corporation

10   and DOES 1 through 50, left Defendant HARWARD in a position of power and authority

11   over vulnerable children, including Plaintiff.

12       85. Despite having warning and notice of Defendant HARWARD's predatorial,

13   inappropriate and offensive nature and behavior, Defendants LDS Corporation and

14   DOES 1 through 50, knowingly left Defendant HARWARD in an unsupervised, closed

15   room and environment to sexually assault Plaintiff on numerous occasions at its LDS'

16   Property.

17       86. As a direct and proximate result of the above negligence of the Defendants

18   LDS Corporation and DOES 1 through 50, Defendant HARWARD sexually harassed and

19   sexually assaulted and battered Plaintiff.

20       87. At all times relevant, Defendants LDS Corporation and DOES 1 through 50

21   had a duty to ensure the safety of their members while at their property and under their

22   control, especially and including the children that they assumed the care for while

23   conducting classes and other events and activities, by enacting and enforcing policies,

24   procedures, adequate training, accountability, reporting measures, and other safety

25   measures for their agents, employees and volunteers to follow when dealing and

26   interacting with children and for children to be able to report and be safe and free from

27   harm, harassment and sexual abuse while at their property and/or under their control.

28       88. Defendants LDS Corporation and DOES 1 through 50 also had a duty to take

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

1    disciplinary actions against any employee, agent, volunteer, leader or persons acting on

2    its behalf, including but not limited to Defendant HARWARD, who engaged in

3    misconduct designed to harm or injure children at their property or under their control;

4    and not to retain such employees, agents, volunteers, leaders or other persons that did

5    engage in such misconduct and wrongful acts.

6         89. Defendants LDS Corporation and DOES 1 through 50 breached their duties to

7    Plaintiff including but not limited to failing to adequately train its volunteers,

8    employees, agents and those it put in leadership roles, including Defendant

9    HARWARD, in working in and around children in vulnerable situations; failing to enact

10   and enforce reasonable safety policies and procedures for its employees and agents who

11   interacted with children; failing to adequately and safely monitor and supervise its

12   employees and agents including Defendant HARWARD's conduct with children to

13   ensure that he was not acting inappropriately, dangerously or in such a way to cause

14   harm to children; failing to heed warnings and reports of Defendant HARWARD's

15   inappropriate and sexually suggestive behavior and sexual misconduct; and failing to

16   take disciplinary action against its employees and agents, including HARWARD, who

17   engaged in wrongful acts and behavior.

18        90. At all times relevant, Defendants LDS Corporation and DOES 1 through 50,

19   knew or should have known that Defendant HARWARD's background and prior and

20   concurrent wrongful acts and omissions, as well as his inappropriate behavior with

21   children, rendered him unfit to be hired as a Secretary Bishop who would interact alone

22   with children and assert control over them; that the employee and agent training of

23   Defendants LDS Corporation and DOES 1 through 50 was insufficient, inadequate, and

24   unreasonable to prevent harm to children, including Plaintiff; that the policies and

25   procedures of Defendants LDS Corporation and DOES 1 through 50 were inadequate

26   and insufficient to ensure the safety of children; and/or that its policies and procedures

27   were not being enforced; and that Defendant HARWARD engaged in inappropriate and

28   unlawful sexual conduct with children before Plaintiff.

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

91. As a direct, proximate and legal result of the gross negligence and carelessness of the Defendants, and each of them, described above, Plaintiff was injured in her health, strength and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to her health and person, all to her general damages in a sum which will be shown according to proof.

92. As a direct, proximate and legal result of the gross negligence and carelessness of the Defendants, and each of them, described above, Plaintiff was injured and may be disabled in the future and thereby prevented from attending to the duties of her usual occupation. As a result, Plaintiff has suffered economic damages in an amount to be proven at trial.

93. As a direct, proximate and legal result of the gross negligence and carelessness of the defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in amounts presently unknown to her. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of her medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

94. In committing the wrongful and egregious acts described herein, Defendants CRAIG ALLEN HARWARD and LDS Corporation acted with malice, oppression and fraud, justifying an award of punitive damages against Defendants CRAIG ALLEN HARWARD and LDS Corporation.

## FOURTH CAUSE OF ACTION

### Negligent Supervision

### (Against Defendants THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS and DOES 1 through 50)

95. Plaintiff hereby incorporates by reference all prior allegations as if fully set forth herein.

96. At all times herein mentioned the Defendants LDS Corporation and DOES 1 to

50 owed plaintiff a protective duty of care to keep the children, including Plaintiff, safe while they were in defendants' custodial care. Said duty includes the duty to protect children from sexual assaults by other agents, employees, and volunteers of LDS Corporation and DOES 1 through 50, or other members of the church and to reasonably, adequately, and with due care, properly hire, supervise, and retain the people, volunteers, agents and employees who were providing the services to the children.

97. At all relevant times, Defendants LDS Corporation and DOES 1 through 50 failed to enact, implement, and follow a system or procedure to reasonably supervise the children in their care, including, but not limited to, Plaintiff, to prevent sexual molestation, battery, assault, and abuse of children, including, but not limited to, Plaintiff.

98. Defendants LDS Corporation and DOES 1 to 50 were, or should have been, aware of how vulnerable young children were to sexual molestation, battery, assault, and abuse within the LDS Corporation and DOES 1 through 50's classes, activities, programs, and/or clubs for minors. LDS Corporation and DOES 1 through 50 had decades worth of notice of pervasive sexual abuse and child molestation that occurred at its properties and by its members and leadership. LDS Corporation and DOES 1 through 50 had notice of Defendant HARWARD's dangerous and predatorial propensities before and while he was harming Plaintiff but failed to supervise Plaintiff and instead facilitated and harbored Defendant HARWARD in his sexual abuse of Plaintiff at their property and during their events.

99. As a direct, proximate and legal result of the gross negligence and negligent supervision of the Defendants, and each of them, described above, Plaintiff was injured in her health, strength and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to her health and person, all to her general damages in a sum which will be shown according to proof.

100. As a direct, proximate and legal result of the gross negligence and negligent supervision of the Defendants, and each of them, described above, Plaintiff was injured

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

and may be disabled in the future and thereby prevented from attending to the duties of her usual occupation. As a result, Plaintiff has suffered economic damages in an amount to be proven at trial.

101. As a direct, proximate and legal result of the gross negligence and negligent supervision of the defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in amounts presently unknown to her. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of her medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

**FIFTH CAUSE OF ACTION**

**Negligent Failure to Warn, Train, or Educate**

**(Against Defendants THE CHURCH OF JESUS CHRIST OF**

**LATTER-DAY SAINTS and DOES 1 through 50)**

102. Plaintiff hereby incorporates by reference all prior allegations as if fully set forth herein.

103.    At all times relevant herein, Defendants LDS Corporation and DOES 1 through 50 owed Plaintiff a duty to take reasonable measures and use reasonable care to protect Plaintiff from the risk, and avoid causing the risk of abuse and other tortious conduct by properly warning, training, and/or educating Plaintiff, other minor children within the subject ward's community including other victims, and their parents and guardians within the subject ward's community about how to avoid such risk.

104.  Before and at the times of the abuse alleged herein, Defendants LDS Corporation and DOES 1 to 50 breached their duty to take reasonable measures and to use reasonable care to protect Plaintiff from and avoid causing the risk of abuse and other tortious conduct by and through its failure to properly warn, train, and/or educate Plaintiff, other minor children within the subject ward's community, and their parents and guardians within the subject ward's community about how to avoid such a risk

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

24

**COMPLAINT FOR DAMAGES**

This includes how and when to say no, limitations on authority, policies and procedures against sexual acts and sexual abuse, reporting procedures, accountability procedures, a buddy system, security and other measures that should have been taken and taught.

105. At all times relevant, Defendants LDS Corporation and DOES 1 through 50 breached their duty to take reasonable measures and to use reasonable care to protect Plaintiff from the risk of childhood sexual molestation, battery, assault, abuse, and other tortious conduct while Plaintiff was at its property and/or events by failing to warn, train, and/or educate Plaintiff or her parents about how to avoid such a risk.

106. At all times relevant, Defendants LDS Corporation and DOES 1 through 50 breached their duty to take reasonable measures to protect Plaintiff from and to use reasonable care to avoid the risk of childhood sexual molestation, battery, assault, abuse, and other tortious conduct by its agents and leadership by failing to supervise Defendant CRAIG ALLEN HARWARD and stop him from committing wrongful sexual acts with minor children, including, but not limited to, Plaintiff in the face of signs, facts and reports of the same that were known or knowable to Defendants.

107. Because Plaintiff was a minor at the time of the sexual misconduct perpetrated against her by Defendant CRAIG ALLEN HARWARD, Plaintiff was unable to give free or voluntary consent to the sexual acts perpetrated against her. Reasonable care required Defendants to take affirmative acts to protect children in their care, custody and/or control, including Plaintiff. However, Defendants failed to take any actions to protect children or Plaintiff.

108. As a direct, proximate and legal result of the negligence of the Defendants, and each of them, described above, Plaintiff was injured in her health, strength and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to her health and person, all to her general damages in a sum which will be shown according to proof.

109. As a direct, proximate and legal result of the negligence of the Defendants, and each of them, described above, Plaintiff was injured and may be disabled in the

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

future and thereby prevented from attending to the duties of her usual occupation. As a result, Plaintiff has suffered economic damages in an amount to be proven at trial.

110. As a direct, proximate and legal result of the negligence of the defendants, and each of them, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in amounts presently unknown to her. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of her medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

## SIXTH CAUSE OF ACTION

### Breach of Fiduciary Duty

### (Against All Defendants and DOES 1 through 50)

111. Plaintiff hereby incorporates by reference all prior allegations as if fully set forth herein.

112. At all times relevant, Defendants and DOES 1 through 50 were in a fiduciary relationship with Plaintiff, owing her a special duty of due care. All Defendants are and were mandated reporters with respect to claims of child abuse and child safety.

113. Defendants and DOES 1 through 50 owed the Plaintiff a statutory, common law, and constitutional duty to protect her and guarantee her safety while on the subject premises and while engaged in the subject ward's bible class and activities, and to protect her from dangers of which said Defendants knew or, in the exercise of reasonable care, should have known, including, but not limited to, the danger posed by Defendant CRAIG ALLEN HARWARD to young children, including, but not limited to, Plaintiff.

114. Defendants and DOES 1 through 50 breached their fiduciary duty to Plaintiff by failing to properly supervise CRAIG ALLEN HARWARD and take appropriate steps to prevent the lewd and lascivious conduct perpetrated by him against Plaintiff. Defendants and DOES 1 through 50 also failed to implement or follow reasonable or appropriate policies and procedures to protect Plaintiff.

115. As a direct, proximate and legal result of the Defendants' breach of fiduciary

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

duty to Plaintiff, and each of theirs, described above, Plaintiff was injured in her health, strength and activity, sustaining physical, mental and nervous pain and suffering, and severe shock to her health and person, all to her general damages in a sum which will be shown according to proof.

116. As a direct, proximate and legal result of the Defendants' breach of fiduciary duty to Plaintiff, and each of theirs, described above, Plaintiff was injured and may be disabled in the future and thereby prevented from attending to the duties of her usual occupation. As a result, Plaintiff has suffered economic damages in an amount to be proven at trial.

117. As a direct, proximate and legal result of the Defendants' breach of fiduciary duty to Plaintiff, and each of theirs, Plaintiff required and will require medical care, medical treatment, life care, and other incidental expenses and will likely incur additional like expenses in the future, all in amounts presently unknown to her. Plaintiff therefore asks leave of court either to amend this Complaint so as to show the amount of her medical and life care expenses, when ascertained, or to prove the amount at the time of trial.

## SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against Defendant CRAIG ALLEN HARWARD and DOES 1 through 50)

118. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding paragraphs.

119. In committing the acts and course of conduct described hereinabove, Defendant HARWARD and DOES 1 through 50, and each of them, acted outrageously and deliberately and with the intent to cause, or with reckless disregard of the probability of causing Plaintiff to suffer severe and ongoing emotional distress, embarrassment humiliation, and mental anguish.  Defendant HARWARD and DOES 1 through 50, and each of them, were aware that Plaintiff was relying upon him, and each of them, to refrain from subjecting her to such abusive and agonizing behavior.

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

Defendant HARWARD and DOES 1 through 50, and each of them, were further aware that engaging in such abusive and agonizing behavior would cause Plaintiff to suffer severe and ongoing emotional distress, humiliation, and mental anguish. As such, the acts and course of conduct committed by Defendant HARWARD and DOES 1 through 50, and each of them, as described hereinabove, constituted Intentional Infliction of Emotional Distress against Plaintiff.

120. As a direct and legal result of the wrongful acts of Defendant HARWARD and DOES 1 through 50 and in intentionally inflicting emotional distress, Defendants caused Plaintiff to suffer severe shock and severe emotional distress in addition to injuries including but not limited to severe physical and mental pain and suffering, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, in an amount not yet ascertained, but which exceeds the minimum jurisdictional limits of this Court.

121. In committing the acts described above, Defendant CRAIG ALLEN HARWARD acted with malice, oppression, and fraud, justifying an award of punitive damages against Defendant HARWARD.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, and each of them, and the following relief as follows:

1.    For general and compensatory damages in an amount according to proof at trial;

2.    For special damages in an amount according to proof at trial;

3.    For costs of litigation and expert costs;

4.    For punitive damages against Defendant CRAIG ALLEN HARWARD as to Causes of Action One through Three and Seven only;

5.    For punitive damages against Defendant THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS ("LDS Corporation") as to Causes of Action Two and Three only;

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

6.      For interest and prejudgment interest at the legal rate of 10%; and,

7.      For such other and further relief as the court deems proper and just under all the circumstances.

### DEMAND FOR JURY TRIAL

NOTICE IS HEREBY GIVEN that Plaintiff hereby demands trial by jury in the above-captioned matter.

Dated: July 9, 2024                    SINGLETON SCHREIBER, LLP

                              By:

                              _____
                              Brett Schreiber, Esq.
                              Meagan Verschueren, Esq.
                              Katie Llamas, Esq.
                              Attorneys for Plaintiff

29
COMPLAINT FOR DAMAGES

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brett Schreiber, Esq. (SBN 239707) / Meagan Verschueren, Esq. (SBN 313117)<br>Singleton Schreiber LLP, 591 Camino de la Reina, Ste. 1025, San Diego, CA  92108 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>07/09/2024 at 11:42:46 AM<br>By: Damaree Franklin,<br>Deputy Clerk |

TELEPHONE NO.: 619-771-3473          FAX NO. :
EMAIL ADDRESS:
ATTORNEY FOR *(Name):* Plaintiff Jane Doe

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
Jane Doe v The Church of Jesus Christ of Latter-Day Saints, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 24CV082728 |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary· b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 7-Sexual Battery,Negligence,Negligent Hiring,Negligent Supervision,Breach of Fiduciary
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 9, 2024

Meagan Verschueren, Esq.
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR  PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
| --- | --- |
| Jane Doe v The Church of Jesus Christ of Latter-Day Saints, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[ X ] Hayward Hall of Justice (447)

[ ] Oakland, Rene C. Davidson Alameda County Courthouse (446)          [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | | Alameda County Case Type (check only one) |
| --- | --- | --- | --- | --- |
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ X ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial          Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential          of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs          [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)                                                                                                                    A-13

# EXHIBIT D

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/09/2024<br>Chad Flake, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF:<br>Jane Doe | |
| DEFENDANT:<br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24CV082728 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 12/04/2024 | Time: 3:00 PM  Dept.: 25 |
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer,** in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

# EXHIBIT E

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br><br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/09/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF(S):<br>Jane Doe | |
| DEFENDANT(S):<br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>24CV082728 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE: Jenna Whitman
DEPARTMENT: 25
LOCATION: Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612
PHONE NUMBER: (510) 267-6941
FAX NUMBER:
EMAIL ADDRESS: Dept25@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period required by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/09/2024<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF/PETITIONER:<br>Jane Doe | |
| DEFENDANT/RESPONDENT:<br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah<br>Corporation sole et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24CV082728 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Meagan Verschueren
Singleton Schreiber, LLP
591 Camino de la Reina, Ste. 1025
San Diego, CA 92108

Chad Finke, Executive Officer / Clerk of the Court

Dated: 07/09/2024                    By:

D. Franklin, Deputy Clerk

**CERTIFICATE OF MAILING**

**ASSIGNED FOR ALL PURPOSES TO**
JUDGE Jenna Whitman
DEPARTMENT 25

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

D. Franklin, Deputy Clerk

# EXHIBIT F

| Attorney or Party without Attorney:<br>Brett Schreiber, Esq. (SBN 239707)<br>SINGLETON SCHREIBER, LLP<br>591 Camino de la Reina, Suite 1025<br>San Diego, CA 92108<br>　Telephone No: 619-356-7602 |  | For Court Use Only<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>07/16/2024 at 04:35:25 PM<br>By: Carrie Thao,<br>Deputy Clerk |
|---|---|---|
| Attorney For:　Plaintiff | Ref. No. or File No.: | |

| Insert name of Court, and Judicial District and Branch Court:<br>ALAMEDA COUNTY SUPERIOR COURT |
|---|
| Plaintiff:　JANE DOE<br>Defendant:　THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah<br>　　　　　　Corporation sole, et al. |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date:<br>December 4, 2024 | Time:<br>3:00pm | Dept/Div:<br>25 | Case Number:<br>24CV082728 |
|---|---|---|---|---|

1.　*At the time of service I was at least 18 years of age and not a party to this action.*

2.　I served copies of the Summons; Complaint for Damages; Civil Case Cover Sheet; Notice of Case Management Conference; Notice of Case Assignment

3.　*a.　Party served:*　THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation sole
　　*b.　Person served:*　Koy Saechao, Client Representative, CSC Lawyers Incorporating Service, Registered Agent

4.　*Address where the party was served:*　2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

5.　*I served the party:*
　　a. **by personal service.**　I personally delivered the documents listed in item 2 to the party or person authorized to receive
　　　　　　　　　　　　service of process for the party (1) on *(date)*: Fri, Jul 12 2024 (2) at *(time)*: 10:55 AM
　　(1)　[X]　**(business)**
　　(2)　[ ]　**(home)**
　　(3)　[ ]　**(other)** :

6.　The "Notice to the Person Served" (on the summons) was completed as follows:
　　a.　[ ]　as an individual defendant.
　　b.　[ ]　as the person sued under the fictitious name of *(specify)*:
　　c.　[ ]　as occupant.
　　d.　[X]　On behalf of *(specify)*:　THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation sole
　　　　　　under the following Code of Civil Procedure section:
　　　　[X] 416.10 (corporation)　　　　　　　　　　　　　[ ] 415.95 (business organization, form unknown)
　　　　[ ] 416.20 (defunct corporation)　　　　　　　　　[ ] 416.60 (minor)
　　　　[ ] 416.30 (joint stock company/association)　　　[ ] 416.70 (ward or conservatee)
　　　　[ ] 416.40 (association or partnership)　　　　　　[ ] 416.90 (authorized person)
　　　　[ ] 416.50 (public entity)　　　　　　　　　　　　[ ] 415.46 (occupant)
　　　　[ ] other:



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*11404568*
*(15153657)*
**Page 1 of 2**

| Plaintiff: JANE DOE | Case Number: |
| Defendant: THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation sole, et al. | 24CV082728 |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
    a.  Name:                         Nancy Graddy
    b.  Address:                    **FIRST LEGAL**
                                           530 B Street, Suite 1050
                                           SAN DIEGO, CA 92101
    c.  Telephone number:    (619) 231-9111
    d.  **The fee** for service was:  $96.60
    e.  I am:
        (1)  ☐  not a registered California Process Server.
        (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
        (3)  ☒  a registered California process server:
              (i)    ☐ owner  ☒ employee  ☐ independent contractor
              (ii)   Registration No:   04-010
              (iii)  County:   Placer

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*


_____07/15/2024_____                    _N. graddy_____
            *(Date)*                                              *Nancy Graddy*

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE SUMMONS**

*11404568*
*(15153657)*
**Page 2 of 2**

# EXHIBIT G

| Attorney or Party without Attorney:<br>Brett Schreiber, Esq. (SBN 239707)<br>SINGLETON SCHREIBER, LLP<br>591 Camino de la Reina, Suite 1025<br>San Diego, CA 92108<br>  Telephone No: 619-356-7602<br><br>  Attorney For:    Plaintiff | *For Court Use Only*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>07/24/2024 at 09:19:23 AM<br>By: Guadalup Acevedo Zetina,<br>Deputy Clerk |
|---|---|

*Ref. No. or File No.:*
Padilla

| *Insert name of Court, and Judicial District and Branch Court:* |
|---|
| ALAMEDA COUNTY SUPERIOR COURT |

*Plaintiff:*   JANE DOE
*Defendant:*   THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation sole, et al.

| **PROOF OF SERVICE<br>SUMMONS** | *Hearing Date:*<br>December 4, 2024 | *Time:*<br>3:00pm | *Dept/Div:*<br>25 | *Case Number:*<br>24CV082728 |
|---|---|---|---|---|

1.   *At the time of service I was at least 18 years of age and not a party to this action.*

2.   I served copies of the Summons; Complaint for Damages; Civil Case Cover Sheet; Notice of Case Management Conference; Notice of Case Assignment

3.   *a.*   *Party served:*     CRAIG ALLEN HARWARD, an individual
    *b.*   *Person served:*    CRAIG ALLEN HARWARD (Caucasian, Male, 50s, Brown Hair, 5'7", 180 Pounds)

4.   *Address where the party was served:*    161 West 950 South, Apartment A4, Saint George, UT 84770

5.   *I served the party:*
   a. **by personal service.**    I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Sun, Jul 21 2024 (2) at *(time)*: 07:50 PM

   (1)   [   ]   **(business)**
   (2)   [ **X** ]   **(home)**
   (3)   [   ]   **(other)** :

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
   a.   [ **X** ]   as an individual defendant.
   b.   [   ]   as the person sued under the fictitious name of *(specify):*
   c.   [   ]   as occupant.
   d.   [   ]   On behalf of *(specify):*
      under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| [ ] other: | |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*11404578*
*(15153658)*
Page 1 of 2

| Plaintiff: JANE DOE | Case Number: |
| Defendant: THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation sole, et al. | 24CV082728 |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a.  Name:         Michael Currie
   b.  Address:     **c/o FIRST LEGAL**
                      530 B Street, Suite 1050
                      SAN DIEGO, CA 92101
   c.  Telephone number:   (619) 231-9111
   d.  **The fee** for service was:  $486.60
   e.  I am:
      (1)  **[X]**  not a registered California Process Server.
      (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).
      (3)  [ ]  a registered California process server:
         (i)   [ ] owner   [ ] employee   [ ] independent contractor
         (ii)  Registration No:
         (iii) County:

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

July-23-2024
*(Date)*

*Michael Currie*

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

*11404578*
*(15153658)*
**Page 2 of 2**

# EXHIBIT H

Home   Court Reservations   Searches   Department Information   Civil Complex   ADR                                    Logout

**24CV082728** DOE vs THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, A UTA...
**Civil Unlimited** (Other Personal Injury/Propert...)          Rene C. Davidson Courthouse / DEPT 25 - HON. Jenna Whitman
**Filed:** 07/09/2024          Next Hearing: 12/04/2024 Initial Case Management Conference                    [Document Download]

Case Summary

| Register of Actions | Participants | Future Hearings |



| Date | Message | Category | Download |
|------|---------|----------|----------|
| 07/09/2024 | Complaint<br>Filed by: Jane Doe (Plaintiff)<br>As to: THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation sole (Defendant); Craig Allen Harward (Defendant) | Document | ⬇ |
| 07/09/2024 | Summons on Complaint<br>Issued and Filed by: Jane Doe (Plaintiff)<br>As to: THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation sole (Defendant); Craig Allen Harward (Defendant) | Document | ⬇ |
| 07/09/2024 | Civil Case Cover Sheet<br>Filed by: Jane Doe (Plaintiff)<br>As to: THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation sole (Defendant); Craig Allen Harward (Defendant) | Document | ⬇ |
| 07/09/2024 | Notice of Case Management Conference<br>Filed by: Clerk | Document | ⬇ |
| 07/09/2024 | Notice of Case Assignment<br>Filed by: Clerk | Document | ⬇ |
| 07/09/2024 | Initial Case Management Conference scheduled for 12/04/2024 at 03:00 PM in Rene C. Davidson Courthouse at Department 25 | Event | |
| 07/09/2024 | Case assigned to Hon. Jenna Whitman in Department 25 Rene C. Davidson Courthouse | Assignment | |
| 07/16/2024 | Proof of Personal Service<br>Filed by: Jane Doe (Plaintiff)<br>As to: THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation sole (Defendant)<br>Service Cost: 96.60<br>Service Date: 07/12/2024<br>Service Cost Waived: No | Document | ⬇ |
| 07/24/2024 | Proof of Service of Summons<br>Filed by: Jane Doe (Plaintiff)<br>As to: Craig Allen Harward (Defendant) | Document | ⬇ |

^ Back to Top ^